**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

WILLIE BROWN,

                  Plaintiff,

v.

                                                Case No. 07-CV-2192-JAR-GLR

CLINTON BROTHERSON,
R. PATRICK WHEELER,
CITY OF PAOLA, KANSAS, and
DAVID SMAIL,

                  Defendants.

**ORDER**

Defendants have filed a Motion for Protective Order (doc. 8), which purports to limit the disclosure and dissemination of certain confidential documents, including personnel files, criminal investigation reports, medical records, internal policies and procedures of law enforcement agencies. *Pro se* plaintiff opposes the motion. He asserts several arguments why the motion should be denied. He argues, *inter alia*, that Defendants have failed to show good cause for the protective order; Defendants fail to list any information that would be annoying, embarrassing, oppressive or unduly burdensome; Defendants fail to identify the specific documents they are referencing; Defendants failed to include a certification of duty to confer; Defendants' proposed protective order violates the Kansas Open Records Act; and Defendants are acting in bad faith.

In their reply, Defendants state that they prepared a proposed protective order, mailed it to Plaintiff, and discussed with Plaintiff its application to this case. They believe that Plaintiff's objection to the motion is based on his misconception that the protective order will preclude discovery of documents. With respect to Plaintiff's suggestion that the protective order should not be entered until such time as an objection is raised to the production of a specific document, Defendants argue that this approach will only result in a measurable delay in the production of

documents.

Rule 37.2 of the Rules of Practice and Procedure for the United States District for the District of Kansas states that "[t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."  The efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.[1]  A "reasonable effort to confer" requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[2]

The Court finds that Defendants have made an insufficient showing of a "reasonable effort to confer" prior to filing this Motion.  Defendants claim in their reply brief that they mailed the proposed protective order to Plaintiff and discussed its application to this case with him.  They do not specify, however, the nature or extent of the communication.  Defendants' failure to describe their attempts to confer with Plaintiff, considered with statements in Plaintiff's response that indicate that he misunderstands the effect of Defendants' proposed protective order, suggests that Defendants have not satisfied their duty to confer.  The Court will therefore overrule the motion without prejudice to filing a similar motion, accompanied by appropriate certificate of counsel to show the detailed nature and extent of their conferring, as required by D. Kan. Rule 37.2.

---

[1] D. Kan. Rule 37.2.

[2] *Id.*

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Protective Order (doc. 8) is overruled, as hereinabove set forth.

Dated this 29th day of August, 2007.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge