**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WILLIE BROWN,

                Plaintiff,

v.

                                    Case No. 07-CV-2192-JAR-GLR

CLINTON BROTHERTON,
R. PATRICK WHEELER,
CITY OF PAOLA, KANSAS, and
DAVID SMAIL,

                Defendants.

## **MEMORANDUM AND ORDER**

Plaintiff brings this action for alleged violations of his First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendment rights under the United States Constitution arising from an August 12, 2005 investigative stop by police officers employed by the City of Paola, Kansas. This matter is presently before the Court on Plaintiff's Motion to Strike Defendant Brotherton's Answers to Plaintiff's First Set of Interrogatories (doc. 21). Plaintiff requests that the Court strike Defendant Brotherton's First Set of Interrogatory answers and order Defendant Brotherton to serve a "truthful set." For the reasons set forth below, the motion is overruled.

**I.**     **Discovery Requests at Issue**

Plaintiff served Defendant Brotherton with his First Interrogatories on July 16, 2007. Defendant Brotherton served his Answers to Plaintiff's First Interrogatories on July 23, 2007. Plaintiff filed the instant motion to strike the interrogatory responses on August 13, 2007. In his motion Plaintiff argues that defense counsel has interfered with truthful answers from Defendant Brotherton because the interrogatory answers include phrases such as "subject to," "without waiving objection," and "assumes facts not in evidence." He argues that Fed. R. Civ. P. 33(b)(2) requires

that "attorney entries and defendant entries be kept separate." He asks the Court to overrule Defendant Brotherton's objections and compel truthful answers to specific interrogatories.

## II.     Signature Requirements for Interrogatory Responses

Two Federal Rules of Civil Procedure apply to the signature requirements for interrogatory responses. Federal Rule of Civil Procedure 33(b)(1) provides that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Rule 33(b)(2) further provides that "[t]he answers are to be signed by the person making them, and the objections signed by the attorney making them." In addition to the requirements of Rule 33(b), Rule 26(g)(2) further requires that "every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name . . . ." Under Rule 26(g)(2), the signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

> (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;  (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.[1]

Rule 26(g)(2) further provides for the striking of a request, response, or objection if it is not signed.

In this case, Defendant Brotherton's Answers to Plaintiff's First Interrogatories were signed by his attorney on the page containing the last interrogatory answer. The Answers were also verified and signed by Defendant Brotherton. The Verification page signed by Defendant Brotherton and

---

[1] Fed. R. Civ. P. 26(g)(2)(A)-(C).

notarized states:

> Clinton Brotherton of lawful age, being duly sworn upon his oath, deposes and states:
>
> That he is the Defendant in the foregoing entitled action and the person to whom the interrogatories were propounded, that he has made the answers to the foregoing interrogatories and said answers are true and correct.[2]

The Court finds Defendant Brotherton's Answers to be in compliance with the signature requirements of the Federal Rules of Civil Procedure. Plaintiff misinterprets the language of Rule 33(b)(2) as requiring that attorney entries and defendant entries be kept separate. Rule 33(b)(2) merely requires that the interrogatory answers be signed by the person making them. If the party is an individual, the party's lawyer may sign the document to the extent objections are included; but a notarized verification, or affidavit, personally signed under oath by the party, must also accompany the responses.[3] If objections are asserted in the answers, then the attorney asserting them shall sign the answers.[4] In addition, Rule 26(g) requires the attorney for any represented party to sign the interrogatory answers. Neither Rule 33(b)(2) nor Rule 26(g) require interrogatory responses to be set forth separately as answers made by the party signing and objections made by the party's attorney. Plaintiff's request to strike the interrogatory answers on the grounds they are not properly signed is overruled.

## III.   Duty to Confer

Plaintiff titles his motion as a motion to strike. It contains arguments, however, more

---

[2] Ex. A to Def. Brotherton's Resp. to Pl.'s Mot. to Strike (doc. 23).

[3] *See Real v. Haney*, Civ. A. No. 06-3066-KHV, 2007 WL 1851283, at *1, (D. Kan. June 27, 2007) (ordering the plaintiff to sign and file a verification or affidavit as to the accuracy of his interrogatory responses).

[4] Fed. R. Civ. P. 33(b)(2).

consistent with a motion to compel under Rule 37(a)(2)(B). The Court will construe the remainder of the motion as one to compel answers to specific interrogatories. As a motion to compel, Rule 37(a)(2)(B) requires the moving party to make a good faith attempt to resolve the discovery dispute before filing a motion to compel. The motion to compel must include a certification of the effort to resolve the dispute.

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. A "reasonable effort to confer" . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

Plaintiff proceeds in this case *pro se*. Although D. Kan. Rule 37.2 refers to conferring with "opposing counsel," the Court has on many occasions applied the Rule to *pro se* parties.[5] The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention. Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[6] The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

---

[5]*See Bracken v. Shield*, Civ. A. No. 06-2405-JWL-DJW, 2007 WL 1805800, at *1 (D. Kan. June 22, 2007) (applying D. Kan. 37.2 conferring requirements to pro se plaintiff); *Boatright v. Larned State Hosp.,* Civ. A. No. 05-3183-JAR, 2007 WL 1246220, at *2 (D. Kan. Apr. 27, 2007) (same). *But see Delkhah v. Moore*, Civ. A. No. 04-2543-KHV, 2006 WL 681119, at *2 (D. Kan. Mar. 14, 2006) (denying motion to compel on merits of motion although pro se plaintiff failed to comply with the local requirement to confer).

[6]*Cotracom Commodity Trading Co. v. Seaboard Corp*., 189 F.R.D. 456, 459 (D. Kan. 1999).

Plaintiff's motion contains no certification of any efforts to resolve the dispute before filing his motion. While the Court recognizes that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,[7] *pro se* parties must still follow the same rules of procedure that govern other litigants.[8] The Court will therefore overrule Plaintiff's motion for failure to show compliance with the requirements of Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 .

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Strike Defendant Brotherton's Answers to Plaintiff's First Set of Interrogatories (doc. 21) is overruled as set forth herein.

**IT IS FURTHER ORDERED THAT** Defendant Brotherton's request for his costs and attorneys' fees pursuant to Fed. R. Civ. P. 11 is overruled.

Dated this 20th day of November, 2007.

s/Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge

---

[7] *Garrett v. Selby Connnor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[8] *See Bracken v. Shield*, 2007 WL 1805800, at *1 (denying pro se plaintiff's motion to compel without prejudice for failure to satisfy his duty to confer under Rule 37 and D. Kan. 37.2).